Mellema v State 






 DISMISSED 
MARCH 22, 1990

NO. 10-89-259-CR
Trial Court
# 89-380-C
IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

DAVID MELLEMA,
Â Â Â Appellant
v.

THE STATE OF TEXAS,
Â Â Â Appellee

* * * * * * * * * * * * *

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â From 54th Judicial District Court
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â McLennan County, Texas

* * * * * * * * * * * * *

Appellant was indicted for the offense of burglary of a
habitation to which he entered a plea of not guilty. A jury
convicted Appellant on October 6, 1989, of the offense for which he
had been indicted, and assessed punishment at ten years in the
Texas Department of Corrections, probated, and a fine of $10,000. 
On November 3, 1989, Appellant gave notice of appeal of his
conviction in Cause No. 89-380-C.
Appellant has filed a request in this court, personally signed
and verified by appellant and approved as to form and content by
his attorney, to have his notice of appeal withdrawn. No decision
of this court having been delivered prior to the receipt of this
request for withdrawal of his notice of appeal, appellant's request
is granted. The appeal is dismissed.
PER CURIAM
DO NOT PUBLISH


Â 



From the 13th District Court

Navarro County, Texas

Trial Court No. 06-15667-CV

Â 



MEMORANDUM  Opinion










Â 

Â Â Â Â Â Â Â Â Â Â Â  Charlotte TippettÂs parental rights
were terminated as to her child J.P.B.Â  Because Tippett did not timely file a
statement of points as required by the Texas Family Code, the trial courtÂs
judgment is affirmed.

Â Â Â Â Â Â Â Â Â Â Â  The Department of Protective and
Regulatory Services filed a first amended petition for the termination of
TippettÂs parental rights as to her child, J.P.B.Â  On September 26, 2007, a
jury determined that the parent-child relationship between Tippett and the
child should be terminated.Â  The trial court signed the final order of
termination on the same day.Â  Thirteen days after the order of termination was
signed, the trial court appointed appellate counsel for Tippett.Â  Tippett
timely filed a notice of appeal.

Â Â Â Â Â Â Â Â Â Â Â  The Texas Family Code requires an
appellant of a state-initiated termination order to file with the trial court,
no later than 15 days after the final order is signed, a statement of points on
which the appellant intends to appeal.Â  Tex.
Fam. Code Ann. Â§ 263.405(b) (Vernon Supp. 2006).Â  We, as the Âappellate
court[,] may not consider any issue that was not specifically presented to the
trial court in a timely filed statement of points.Â .Â .Â .Â  Id. Â§ 263.405(i); In the Interest of E.A.R., 201 S.W.3d 813 (Tex. App.ÂWaco 2006, no pet.).Â  When the clerkÂs record was filed in this appeal, we
noticed that there was no statement of points by Tippett contained within the
clerkÂs record.

Â Â Â Â Â Â Â Â Â Â Â  On November 9, 2007 the Clerk of this
Court notified Tippett by letter of the absence of the statement of points and
warned her that we may affirm the trial courtÂs judgment unless, within 21 days
of the date of the letter, a response was filed showing grounds for this Court
to consider any issue that was not raised in a timely filed statement of
points.Â  Tippett filed her appellate brief on November 15, raising three
issues.Â  On November 16, we received a supplemental clerkÂs record which
contained a motion for new trial, filed on October 26, 2007, 30 days from the
date the order was signed, and a ÂMotion for Leave toÂ  File Points of Appeal
Out of Time and for Court to Consider Points Raised in Motion for New Trial as
Points of AppealÂ filed on November 13, 2007.Â  By her motion for leave, Tippett
acknowledges that no timely filed statement of points is contained in the
record.

Â Â Â Â Â Â Â Â Â Â Â  Therefore, TippettÂs issues are
dismissed and the trial courtÂs judgment is affirmed.Â  See In the Interest
of E.A.R., 201 S.W.3d 813, 814 (Tex. AppÂWaco 2006, no pet.).

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  TOM
GRAY

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Chief
Justice

Â 

Before
Chief Justice Gray,

Â Â Â Â Â Â Â Â Â Â Â  Justice
Vance, and

Â Â Â Â Â Â Â Â Â Â Â  Justice
Reyna

Â Â Â Â Â Â Â Â Â Â Â  (Justice
Vance concurs in the judgment with a note) *

Affirmed

Opinion
delivered and filed January 2, 2008

[CV06]

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â  *
Â(Because the trial court appointed appellate counsel thirteen days after the
termination order was signed, I continue to question the due process
implications of subsections 263.405(b) and 263.405(i) as applied to this case.Â 
See In re E.A.R., 201 S.W.3d 813, 816-17 (Tex. App.ÂWaco 2006, no
pet.) Â (Vance, J., concurring); see also In re D.M., âââ
S.W.3d ---, ---, 2007 WL 4357665, at *10
(Tex. App.ÂWaco Dec. 12, 2007, no pet. h.) Â (op. on rehÂg) Â (holding that subsections 263.405(b) and 263.405(i), as applied to
indigent mother, violated her right to due process).)Â

Â